## FULMORE ET AL. vs. BRADY.

[BILL IN EQUITY—PLEA TO JURISDICTION.]

1. *Section 1, article 8, of constitution of Alabama; effect of, on venue of cause in chancery.*—Section 8 of article 6 of the constitution of this State does not confine the venue of a chancery cause to the county of the defendant's residence, or to that in which the property, the subject-matter of controversy, is situated. (PETERS, J., *dissenting*.)

APPEAL from the Chancery Court of Barbour and Henry. Heard before Hon. B. B. McCRAW.

The appellee filed her bill against the appellants in the 9th chancery district, composed of the counties of Barbour and Henry, of the eastern chancery division of the State. The appellants pleaded to the jurisdiction of the court, that "the cause was depending in a chancery court held at Clayton, in Barbour county; that they were citizens of Henry county; that under the constitution, article 6, section 8, a chancery court held in Henry county would alone have jurisdiction in the cause; that the lands in controversy are situated in said county of Henry; that the act of the general assembly attaching said county of Henry to, and constituting it a part of, the 9th district of the eastern division, was unconstitutional and void," &c.

A demurrer to this plea was sustained by the court, and this action is now assigned for error.

W. C. OATES, for appellants.—1. The error of the court below, in sustaining the demurrer to the plea of appellants, is manifest.—Section 8 of article 6 of the Constitution of Alabama; see, also, Official Journal of the Constitutional Convention of Alabama, pp. 160, 161.

There is no conflict between the 7th and 8th sections of the constitution. The former provides that the legislature, or general assembly, shall divide the State into convenient chancery divisions, and the divisions into districts. The

latter provides, that "*a chancery court shall be held in each county*, at a place therein to be fixed by law." Construe these provisions of the two sections so that both may stand and have something upon which to operate, the latter must be held to limit and qualify the word "district," as used in the former section, to be synonymous with the word "county," as used in the latter.

The 8th section is mandatory, and the act of the general assembly making the county of Henry a part of the 9th chancery district, and requiring the court to be held at Clayton, in the county of Barbour, for the trial of causes where the defendants reside in Henry county, and the subject-matter to be adjudged is also situate there, is unconstitutional and void.—Cooley's Constitutional Limitations, p. 74, *et seq.*

If the general assembly may disregard a mandatory clause of the constitution, and deprive the people of their rights guaranteed by it, then they who are the servants and representatives of the people, and who derive their authority from the people, are greater than the people in point of power, or, in other words, the creature is greater than the creator, which is an absurdity.

On the principle of contemporaneous and legislative construction, I need but refer the court to the action of the legislature in creating two new chancery divisions, to show that they regarded the 8th section as settling the question, that the chancery court should be held in each county; for otherwise, there was no necessity for such action on the part of that body.

A chancery court was in existence, and had been, at Abbeville, in Henry county, for twenty-five years before the passage of the act abolishing that court and attaching that county to the 9th district as aforesaid.—Revised Code, §§ 696, 708.

The adopting act of the general assembly, (Pamph. Acts 1868, p. 7,) approved July 29, 1868, found the above sections of the Revised Code incorporated into that body of statutes, and there was nothing in it in conflict with the constitution of the United States, and nothing in conflict with the State constitution, except that Dale county was

included with Henry in comprising the 6th district of the southern chancery division, and the only effect of the new constitutional provision, and the adopting act, was to strike off from said district the county of Dale, leaving the court at Abbeville for the county of Henry still intact and lawfully established by the law of the Code. If thus established, it is manifest that the act of the general assembly, attaching Henry to the county of Barbour and constituting them the 9th district, as aforesaid, is unconstitutional and void, and hence, the plea to the jurisdiction of the court should have been sustained.

The proviso to the 5th section of the constitution confers upon the several circuit courts of the State chancery jurisdiction in certain cases, but it no where prescribes or points out the machinery by which it can execute itself, and in the absence of an act of the legislature providing the means for carrying it into effect, it no more fills the requisition of section 8, than if it were entirely omitted from the constitution. Where will the clerk of the circuit court, or a register appointed by the circuit judge, acting in chancery causes, find any statute to authorize or direct his action? That said proviso has no operation or effect, see *Groves v. Slaughter*, 15 Peters.

The words, "a chancery court," &c., in said section, have a well defined technical meaning, which should receive the same signification attached to those words by all courts under the separate chancery court system in existence at the time of, and anterior to, the adoption of the present constitution.—*Ex parte Banks*, 28 Ala. 28.

JOHN GILL SHORTER, *contra.*

B. F. SAFFOLD, J.—The constitution (article 6, § 8,) provides, that a chancery court shall be held in each county at a place therein to be fixed by law. No action has been taken by the legislature in compliance with this section. In 1868, the State was divided into chancery divisions and districts, agreeably to the 7th section of article 6. By that act, Barbour and Henry counties were made one district, with the place of holding the court at Clayton, in Barbour

county.—Acts 1868, p. 47.   It is evident that no court can be held in a county, unless some place where it shall be held is appointed by law, and also, that there is no power in the State which can compel the legislature to fix a place.

Under these circumstances, has the defendant such a right of venue, given by the constitution, that he can not be sued out of the county of his residence, or of the subject-matter of the suit?

Two terms of the circuit court are required to be held in each county annually, (Const. art. 6, § 6,) and the time and place are appointed.   Yet the practice of suing parties out of the county of their residence by means of branch writs is frequent, and directed by statute, and the right to do so has heretofore never been questioned.

By the 8th section of the declaration of rights, a person accused of crime can not be tried, against his consent, elsewhere than in the district or county in which it is committed.   Yet, the jurisdiction of offenses committed on the boundary of two or more counties, or within a quarter of a mile thereof, is in either county by statute; a district being thus formed greater than the county.—Rev. Code, § 3945.

The construction contended for by the appellant would forbid a change of venue of civil causes in any of the courts, except by consent of the parties, and frequently defeat the right to an impartial trial.   In addition to this, the plaintiff is as much entitled as the defendant to claim that the venue shall be in the county of his residence.

We decide, that article 6, section 8, of the constitution of the State does not confine the venue of a chancery cause to the county of the defendant's residence, or in which is situated the property which is the subject of the suit.

. The judgment is affirmed.

Peck, C. J., concurred.

PETERS, J., *(dissenting.)*—With every sentiment of respect for the majority of the court, I do not feel able consistently to agree with the reasoning or conclusion of the opinion just delivered.

The chancery system of this State, under the present constitution, makes each county in the State a chancery district, in which a court is required to be held. That portion of the constitution which authorizes the establishment of the chancery courts, is in the following words :

" Sec. 5. *Provided, however,* that the circuit court shall have equity jurisdiction concurrent with the courts of chancery, in all cases for divorce, and cases in which the value of the matter in controversy does not exceed the sum of five thousand dollars.

" Sec. 7. The general assembly shall have power to establish a court or courts of chancery with original and appellate jurisdiction. The State shall be divided by the general assembly into convenient chancery divisions, and the divisions into districts; and for each division there shall be a chancellor, who shall, after his election or appointment, reside in the division for which he shall have been elected or appointed.

" Sec. 8. A chancery court shall be held in each county, at a place therein to be fixed by law, and the chancellors may hold courts for each other, when they deem it expedient."—Const. Ala. 1867, art. 6, §§ 5, 7, 8.

The 8th section of the constitution above quoted, is a *proviso* which limits the power of the general assembly, in establishing chancery districts, to each county in every division throughout the State. It is a constitutional designation of the chancery districts of the State, which the general assembly can not alter or depart from. And it is the duty of this tribunal to denounce any attempt at such departure as an effort to infringe the fundamental law, and to declare it void. No two or more counties can be united by law in one chancery district, without what seems to me a disregard of this positive constitutional provision, which is expressed in language not capable of misconstruction. The language of the constitution is affirmative and imperative, and there can be no reasonable doubt about its meaning. In such a case, this court has no choice but to declare the law void, which is not in conformity with the constitution. To do otherwise, would not be to support the constitution, but to fritter it away, and in the end overturn it.

Speaking with the highest consideration of a co-ordinate branch of the government, it seems to me beyond all question, if the legislature can combine two or more counties into one chancery district, they may by the same authority combine all the counties in a division into one chancery district; for there is no limit to the power, if it is not controlled by section 8 above quoted. And if this section controls the action of the general assembly, as it most certainly does, in the establishment of chancery districts, it limits and confines their creation to one district at least, in each county in the State. A different construction would make this section of the constitution wholly nugatory.

The true effect of the constitution is to make each county in the State a chancery district. The legislature must recognize this number at least, and may make as many more as it may think fit, and fix the places, *in the counties*, for the courts to be held. A law which transcends these bounds is at war with the constitution, and is void for that reason.—*Marbury v. Madison*, 1 Cranch, 137, 176, 179. It follows from this, that so much of the act of the general assembly, entitled "An act to amend sections 4, 5, 14, and 15 of an act in relation to the chancery courts in Alabama," approved the 6th day of October, 1868, as combines the counties of Barbour and Henry into one chancery district, is unconstitutional and void.—Pamph. Acts 1868, p. 209, § 1, No. 7.

The present law of the State requires that the bill shall be filed in the chancery district—that is, the county—in which the defendants or a material defendant resides.—Revised Code, § 3326.

In this case the defendant was sued out of his county—that is, out of his chancery district; that is, out of the district in which he resides. This he can set up in his defense by way of plea in his answer.—Rev. Code, § 3349. This plea shows that the court has no jurisdiction over the defendant according to law. The bill then ought to have been abated.

I therefore think that the true construction of the constitution requires a reversal of the decree of the court below, and the dismissal of the bill.